UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11606-GAO

COREY HENRY,
Plaintiff,

v.

THOMAS HODGSON, Sherriff of Bristol County; STEVEN J. SOUZA, Superintendent; JAMES LANCASTER, Deputy Superintendent; JOSEPH OLIVER, III, Assistant Deputy Superintendent; ERIC COUSENS, Sergeant; EDWARD BOULEY, Lieutenant; JARED GOSSELIN, Lieutenant; DAVID BRIZIDA, C.O.; PAUL SOUZA, C.O.; DOUGLAS ZNOJ, C.O., and RUSSELL LIZOTTE, Lieutenant,
Defendants.

ORDER
June 29, 2017

O'TOOLE, D.J.

Proceeding *pro se*, the plaintiff, Corey Henry, brings this action pursuant to 42 U.S.C. § 1983 against the sheriff of Bristol County, three prison administrators, and seven correctional officers, alleging the use of excessive force and deliberate indifference to his serious medical needs. He references several exhibits in his complaint, but no exhibits are attached. The defendants moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The defendants attach exhibits and assert many additional facts not otherwise alleged in the plaintiff's complaint, arguing in various ways that their materials "definitively prove" the plaintiff's allegations are untrue. (See, e.g., Defs.' Brief in Supp. of Their Mot. to Dismiss 2, 8, 10 (dkt. no. 28-1).) In response, the plaintiff submitted an opposition, together with exhibits, which proposes to supplement the facts in the complaint.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must accept as true all non-conclusory factual allegations, even if "actual proof of those facts is improbable" and "recovery is . . . unlikely." Ocasio–Hernandez v. Fortuno–Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 556). The Court does not weigh evidence in deciding a Rule 12(b)(6) motion and, with limited exceptions, may not look beyond the facts alleged in the complaint. See Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011). Further, *pro se* pleadings are to be liberally construed. Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1991).

With these guiding principles in mind, the Court denies without prejudice the defendants' motion to dismiss. Although there may be flaws in the plaintiff's original complaint, the plaintiff raises additional allegations in his opposition. He notes, for instance, that he "could've done a lot better as far as it being in detail." (Accompanying Mem. to Pl.'s Mot. to Oppose the Defs.' Mot. to Dismiss 9 (dkt. no. 37).) Further, the defendants' present motion exceeds the scope of a proper Rule 12(b)(6) motion and reads instead like one for summary judgment. The most orderly way to proceed is to permit the plaintiff to amend his complaint in order to incorporate into the four corners of his complaint additional factual allegations, and for the defendants to respond directly to the amended complaint. The plaintiff is reminded that Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While the amended complaint must contain sufficient factual allegations to make a facially plausible claim for relief under the Iqbal/Twombly standard, it is not necessary to plead evidence in support of adequately outlined claims.

Accordingly, the plaintiff is ordered to file an amended complaint. The plaintiff's amended complaint is due within twenty-one (21) days of this Order. The defendants' responsive pleading is due twenty-one (21) days thereafter. Any motion to dismiss the plaintiff's amended complaint must take into account the standards set forth above. Additionally, because the plaintiff appears to have been at the time of the events described a pretrial detainee, any motion to dismiss must address the standards appropriate for pretrial detainees and, in particular, the applicability of the Supreme Court's decision in Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015), to the plaintiff's claims of excessive force and deliberate indifference.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge