UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11606-GAO

COREY HENRY,
Plaintiff,

v.

THOMAS HODGSON, Sherriff of Bristol County; STEVEN J. SOUZA, Superintendent; JAMES LANCASTER, Deputy Superintendent; JOSEPH OLIVER, III, Assistant Deputy Superintendent; ERIC COUSENS, Sergeant; EDWARD BOULEY, Lieutenant; JARED GOSSELIN, Lieutenant; DAVID BRIZIDA, C.O.; PAUL SOUZA, C.O.; DOUGLAS ZNOJ, C.O.; and RUSSELL LIZOTTE, Lieutenant,
Defendants.

ORDER
January 12, 2018

O'TOOLE, D.J.

The plaintiff, Corey Henry, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging in his amended complaint both the use of excessive force and deliberate indifference to his medical needs against seven correctional officers, three prison administrators, and the sheriff of Bristol County. The defendants previously filed a purported motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure addressed to the plaintiff's original complaint. I denied that motion in large part because it failed to focus on the plaintiff's allegations and instead attempted to argue not that the claims were inadequately pled, but rather that they could not succeed on the merits. I noted at the time that the defendants' motion read more like a motion for summary judgment than a proper motion made under Rule 12(b)(6). The defendants have now filed a second motion to dismiss addressed to the amended complaint. Despite my reminder to the defendants in my prior order to pay attention to the standards for supporting a Rule 12(b)(6) motion, the defendants fail again to focus on the sufficiency of the plaintiff's allegations in the

amended complaint under the relevant legal standard, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)), and not on evidence or other considerations that might defeat those allegations.

Nevertheless, some claims are not adequately alleged against particular defendants. The Court grants defendants' motion as to supervisory defendants Thomas Hodgson, Steven J. Souza, and James Lancaster, because there is no factual allegation that they were involved in either the alleged excessive force incident or the alleged deliberate indifference, nor has the plaintiff pled facts to support proof that there was an affirmative link between any acts or omissions by them and the constitutional violations alleged. See Gaudreault v. Salem, 923 F.2d 203, 209 (1st Cir. 1990) (citing Voutour v. Vitale, 761 F.2d 812, 820 (1st Cir. 1985)). Henry's excessive force claim against supervisory defendant Joseph Oliver III is similarly dismissed for lack of adequate allegation of an affirmative link.[1] See id.

Otherwise, the defendants' motion to dismiss is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[1] Because Oliver is listed as playing a role in the removal of his air cast, (see Pl.'s Am. Compl. Ex. E at 13 (dkt. no. 49)), Henry's deliberate indifference claim against Oliver remains at this stage. See id.