UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11606-RGS

COREY HENRY
Plaintiff

v.

THOMAS HODGSON, et al.
Defendants.

ORDER RE: PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL
(DOCKET ENTRY # 66) AND MOTION FOR FUNDS FOR
A PRIVATE INVESTIGATOR (DOCKET ENTRY # 67)

May 16, 2018

Corey Henry ("plaintiff" or "Henry"), an inmate at the Souza Baranowski Correctional Center, initiated this civil rights action seeking damages for violations of his constitutional rights under 42 U.S.C. § 1983 arising from injuries he sustained after his 2014 arrest in Bristol County.  In August 2016, plaintiff's motion to proceed *in forma pauperis* under 28 U.S.C. § 1915 was granted.  *See* Docket Entry # 9.  Earlier this year, the claims against the sheriff and two prison administrators were dismissed. *See* Docket Entry #60. On March 2, 2018, an answer was filed by the remaining administrator and seven correctional officers.  *See* Docket Entry #63.  Discovery has commenced and is proceeding.  *See* Docket Entry #60.  On

April 20, 2018, plaintiff filed motions for appointment of counsel (Docket Entry # 66) and for funds to hire an investigator (Docket Entry #67).

Turning to the request to appoint counsel, "indigent civil litigants," such as plaintiff "possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3rd Cir. 2002) (recognizing that 28 U.S.C. § 1915(e)(1) gives the court statutory authority to request appointed counsel); *accord DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991) ("[t]here is no absolute constitutional right to a free lawyer in a civil case"). That said, 28 U.S.C. § 1915(e)(1) gives a court the discretion to request appointed counsel for "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Weir v. Potter*, 214 F.Supp.2d 53, 54 (D. Mass. 2002) (citing 28 U.S.C. § 1915(e)(1) and noting that appointment is discretionary).

In order to obtain appointed counsel, there must be a showing of both indigency and exceptional circumstances. *DesRosiers v. Moran*, 949 F.2d at 23; *accord Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986) ("an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel"); *Weir v. Potter*, 214 F.Supp.2d at 54. To determine whether exceptional circumstances exist, a court "examine[s] the total situation, focusing, inter alia, on the merits of the case,

the complexity of the legal issues, and the litigant's ability to represent himself." *DesRosiers v. Moran*, 949 F.2d at 24; *see Weir v. Potter*, 214 F.Supp.2d at 54 (in assessing whether exceptional circumstances exist to warrant appointment, courts consider "merits of the case, the litigant's capability of conducting a factual inquiry, the complexity of the legal and factual issues, and the ability of the litigant to represent [him]self").

In the instant action, the factual issues are not complex. Henry alleges that he was assaulted by officers shortly after his arrival at a New Bedford lock-up facility. After receiving medical treatment and prescriptions for a cane, bottom bunk pass and handicapped shower, Henry alleges that he was denied access to a handicapped shower causing him to suffer additional injuries. Since the filing of his *pro se* complaint, Henry has filed an amended complaint and has had success in opposing certain dispositive motions. It seems to this court that plaintiff is capable of representing himself. In light of the absence of exceptional circumstances, appointment of counsel is not warranted at this time.

In addition to appointment of counsel, plaintiff seeks funds to hire a private investigator. Although plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, this statute "authorizes the court to direct payment only for the expenses of preparing a transcript, printing a record on appeal,

or serving process." *Id.* (omitting citations). The court is without legal authority to appoint a private investigator to assist Henry in this matter at no cost to the plaintiff. *See, e.g., Wallace v. Bledsoe*, No. 10–225, 2010 WL 1565571 (M.D. Pa. Mar. 16, 2010); *see also Georgacarakos v. Wiley*, No. 07-01712, 2009 WL 440934, at *7 (D. Colo. Feb.23, 2009) (stating § 1915 does not authorize the court to appoint a private investigator). "There is no constitutional or statutory requirement that the government or Defendant pay for an indigent prisoner's discovery efforts." *Brown v. Ross County*, No. 14-333, 2014 WL 4284874, at *2 (S.D. Ohio Aug. 28, 2014).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to appoint counsel is DENIED without prejudice; and

2. Plaintiff's motion for funds for a private investigator is DENIED.

SO ORDERED.

 /s/ Richard G. Stearns

UNITED STATES DISTRICT JUDGE